Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3675 | **DATE** | 5/24/2002 |
| **CASE TITLE** | Patricia Romero vs. Microplastics, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 7/15/02 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Accordingly this Court contemplates dismissing Counts I, V and VII against Agency at the time of the initial status hearing unless Patricia's counsel then (or earlier) proffers an acceptable predicate for retaining Agency as a defendant to one or more of those claims. Pretrial schedule on reverse of minute order.
(11) ■ [For further detail see order on the reverse side of the original minute order.] order attached to the original minute

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | MAY 2 8 2002 | | |
| | Notified counsel by telephone. | | date docketed | | 2 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 5/24/2002 | | |
| SN | courtroom deputy's initials | 02 MAY 24 PM 3:08 | date mailed notice SN mailing deputy initials | | |
| | | Date/time received in central Clerk's Office | | | |

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

PATRICIA ROMERO,                )
                                )
              Plaintiff,        )
                                )
     v.                         )      No.  02 C 3675
                                )
MICROPLASTICS, INC., et al.,    )
                                )
              Defendants.       )
```

## MEMORANDUM ORDER

Patricia Romero ("Patricia") has filed an eight-count Complaint against Microplastics, Inc. ("Microplastics"), The Agency, Inc. ("Agency") and Salvador Romero ("Salvador"), asserting a battery of grievances stemming from asserted sexual harassment by Salvador while Patricia was working as a temporary employee at Microplastics on a farm-out by Agency (which, as its name suggests, was an employment agency of that type). This memorandum order is issued sua sponte at the same time as the issuance of this Court's customary order setting an initial status hearing date.

Patricia's claims are advanced in the alternative, some on the premise that she was an employee of both Microplastics and Agency for Title VII purposes, while others take the approach that she was not an employee of either. That type of alternative pleading is of course permissible under Fed. R. Civ. P. 8(e)(2).

But as to the first approach, Patricia's own allegations appear to defeat her Count I employment discrimination claim

against Agency (see the excellent analysis of the legal consequences that flow from temporary employee situations such as this one in <u>Mullis v. Mechanics & Farmers Bank</u>, 994 F.Supp. 680 (M.D. N.C. 1997)-- Complaint ¶12 reflects that when Patricia reported Salvador's sexual assault to Agency, that led to Salvador's arrest and his consequent conviction of criminal sexual assault. Nothing there or elsewhere in the Complaint suffices to lay any responsibility for sex-based employment discrimination at Agency's doorstep.

It appears that Patricia has also pleaded herself out of Court (or should have done so) in the two "non-employee" counts in which she has joined Agency as a defendant: Count V labeled "Negligent Supervision, Training and Retention" and Count VII labeled "Negligent Infliction of Emotional Distress." It is really inconsistent with the relationships among (1) an employment agency that hires out temps, (2) the hiring party and (3) the temps themselves to impose on the employment agency the types of duties that form the legitimate gravamina of claims of that nature.

Accordingly this Court contemplates dismissing Counts I, V and VII against Agency at the time of the initial status hearing unless Patricia's counsel then (or earlier) proffers an acceptable predicate for retaining Agency as a defendant to one or more of those claims. This would not however call for

2

Agency's total dismissal from this action, for Patricia's Count II retaliation claim is facially sufficient against Agency as well as Microplastics.¹

One other thing should be mentioned at this threshold stage of the litigation. Complaint ¶8 alleges in general terms that Patricia has complied with all of the preconditions to suit under Title VII, but her counsel has not provided copies of her charge of discrimination or of the EEOC right-to-sue letter. Copies of both of those documents should be provided to this Court promptly, as well as being transmitted to each defendant together with or shortly after the service of process.²

_____
Milton I. Shadur
Senior United States District Judge

Date: May 24, 2002

---

¹ No view is expressed here, of course, as to whether Patricia can actually prove such retaliation on the part of Agency.

² That delivery to each defendant should be accompanied by a photocopy of this memorandum order.